**HANSEN et al. v. UNITED STATES.**

Circuit Court of Appeals, Fifth Circuit.
February 1, 1928.

Rehearing Denied February 27, 1928.

No. 5005.

Indictment and information ⚖=119—Indictment held not fatally defective, because referring to Schedule 87 of Tariff Act, instead of Schedule 8; reference thereto being mere surplusage (19 USCA § 121, Schedule 8).

Indictment for conspiracy to import intoxicating liquors without permit from Commissioner of Internal Revenue, "as required by the provisions of Schedule 87 of the Tariff Act of 1922," was not fatally defective because it should have stated Schedule 8, § 1, of Tariff Act 1922 (19 USCA § 121, Schedule 8), there being no Schedule 87, since quoted phrase was mere surplusage, and its omission would have been immaterial.

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Hugo Hansen, alias Gus Hansen, and others, were convicted of conspiracy to import intoxicating liquor into the United States without permit from Commissioner of Internal Revenue, and they bring error. Affirmed.

W. K. Zewadski, Jr., and William Candler Pierce, both of Tampa, Fla., for plaintiffs in error.

William M. Gober, U. S. Atty., of Tampa, Fla., Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla., and N. J. Morrisson, Sp. Asst. Atty. Gen., for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. Plaintiffs in error were convicted as charged in an indictment which alleges a conspiracy to import intoxicating liquor into the United States without a permit from the Commissioner of Internal Revenue, "as required by the provisions of Schedule 87 of the Tariff Act of 1922." The permit is required by Schedule 8, § 1, of Tariff Act 1922 (19 USCA § 121, Schedule 8); there is no Schedule 87, and, because of this mistake in the indictment, it is insisted that the trial court should have directed a verdict of not guilty. The whole phrase above quoted is mere surplusage; it adds nothing to the crime alleged, is a mere conclusion of law, and its omission would have been immaterial. The other assignments of error are equally untenable.

The judgment is affirmed.